UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED US
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

06 JAN 20 AM 11: 30

| | |
|---|---|
| SHIRLEY DOUGLAS<br>215 7th Avenue<br>Shepherdsville, KY 40165 | ) <br>) <br>) <br>) |
| Plaintiff | ) <br>) |
| vs. | ) <br>) CIVIL ACTION NO. _____ |
| LORNE KING<br>98 Commercial Street<br>Milton, Ontario, Canada L9T 3Z5 | ) <br>) <br>) <br>) |
| and | ) <br>) |
| 673753 Ontario Limited<br>d/b/a Traffix<br>8420 Highway 25 North<br>Milton, Ontario, Canada L9T 2X7 | ) <br>) <br>) <br>) <br>) |
| Defendants | ) <br>) |

*3:06 CV 30 −5*

**COMPLAINT**

*  *  *  *  *

Comes Plaintiff, Shirley Douglas, by counsel, and for her cause of action against the

Defendants, Lorne King and 673753 Ontario Limited, d.b.a./a.k.a. Traffix (hereinafter referred to

as "Traffix"), states as follows:

1.      Plaintiff resides in Shepherdsville, Bullitt County, Kentucky, and so resided in

Shepherdsville, Bullitt County, Kentucky at all times material herein.

2.      Defendant Lorne King resides in Milton, Ontario, Canada, and so resided in Milton, Ontario, Canada at all times material herein.  Defendant Lorne King may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure as authorized by the Hague Convention of The Service Abroad of Judicial and Extrajudicial Documents and the Kentucky Long Arm Statute, KRS § 454.210(2)(a)(3).

3.      Defendant Traffix is, and at all times relevant hereto was, a Canadian trucking corporation located in Milton, Ontario, Canada doing business in the state of Kentucky. Defendant Traffix may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure as authorized by the Hague Convention of The Service Abroad of Judicial and Extrajudicial Documents and the Kentucky Long Arm Statute, KRS § 454.210(2)(a)(3).

4.      Jurisdiction of this cause is based upon 28 U.S.C.A. § 1332, there existing diversity of citizenship between the parties, and the amount in controversy, excluding interest and costs, exceeding Seventy-Five Thousand Dollars ($75,000).

5.      Venue is proper under 28 U.S.C.A. § 1391.

6.      On or about June 2, 2003, Plaintiff was severely injured in an automobile accident which occurred on the Watterson Expressway between Poplar Level Road and Preston Highway in Louisville, Jefferson County, Kentucky.

7.      The aforementioned accident directly and proximately resulted from Defendant Lorne King's negligent commissions and/or omissions in failing to exercise ordinary care for the safety of others while operating a motor carrier when he turned into Plaintiff overtaking her lane of travel in the right-hand lane of the Watterson Expressway thereby colliding into Plaintiff and forcing her onto the right-hand shoulder of said expressway.

8.      Upon information and belief, Defendant Lorne King is an agent, servant,

employee or ostensible agent of Defendant Traffix.

9.      As a result of the relationship described in paragraph 8, Defendant Traffix is vicariously liable for the negligent acts enumerated herein and committed by its agent, servant, employee or ostensible agent, Defendant Lorne King.

10.     As a direct and proximate result of Defendant Lorne King's negligent commission and/or omissions, jointly and/or severally, which are complained of in the proceeding paragraphs, Plaintiff received extensive medical treatment and incurred extensive medical expenses and may in the future incur same; Plaintiff experienced severe physical and emotional pain and suffering and may in the future incur same; Plaintiff lost enjoyment of life; and Plaintiff suffered permanent disfigurement to her body. All of the above is in excess of the jurisdictional threshold of this Court.

11.     As a direct and proximate result of Defendant Traffix's negligent commission and/or omissions, jointly and/or severally, by and through its agents, servants, employees or ostensible agents, which are complained of in the proceeding paragraphs, Plaintiff received extensive medical treatment and incurred extensive medical expenses and may in the future incur same; Plaintiff experienced severe physical and emotional pain and suffering and may in the future incur same; Plaintiff lost enjoyment of life; and Plaintiff suffered permanent disfigurement to her body. All of the above is in excess of the jurisdictional threshold of this Court.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1.      For an amount of compensatory and special damages that are fair and reasonable as established by the evidence;

2.      For prejudgment interest;

3.    A jury trial on all issues so triable;

4.    Plaintiff's costs expended herein; and

5.    Any and all relief to which Plaintiff may otherwise appear entitled.

Respectfully submitted,

_____

Maury D. Kommor
Cory W. Meadows
MAURY D. KOMMOR & ASSOCIATES, PLLC
1205 South Third Street
Louisville, Kentucky 40203
Telephone: (502) 719-7325
Facsimile: (502) 587-8303
Attorneys for Plaintiff

F:\Users\WS2\Douglas.Shirley\Pleadings\Complaint1.wpd